**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

```
------------------------------------------------------------- x
UNITED STATES POSTAL SERVICE,              :
                                           :
                              Plaintiff,   :
                                           :        Case No. 19-3685-TSC
           - v. -                          :
                                           :
NATIONAL ASSOCIATION OF LETTER             :
CARRIERS, AFL-CIO,                         :
                                           :
                              Defendant.   :
------------------------------------------------------------- x
```

## ANSWER AND COUNTERCLAIM
## OF DEFENDANT NATIONAL ASSOCIATION
## OF LETTER CARRIERS, AFL-CIO

### Answer

Defendant National Association of Letter Carriers, AFL-CIO ("NALC") answers the December 10, 2019 complaint [Docket Entry #1] of Plaintiff United States Postal Service ("USPS") as follows:

1.      Avers that paragraph 1 sets forth a description of the action and conclusions of law to which no responsive pleading is required.  To the extent a response is required, NALC denies the allegations in paragraph 1.

2.      Avers that paragraph 2 sets forth a conclusion of law to which no responsive pleading is required.

3.      Avers that paragraph 3 sets forth a conclusion of law to which no responsive pleading is required.

4.      Admits the allegations in paragraph 4.

5.      Admits the allegations in paragraph 5.

6.      Admits the allegations in paragraph 6.

7.      Avers that paragraph 7 sets forth conclusions of law to which no responsive pleadings is required.

8.      Admits the allegations in paragraph 8.

9.      For its response to paragraph 9, NALC refers the Court to the Agreement for the contents thereof.

10.     For its response to paragraph 10, NALC refers the Court to the Agreement for the contents thereof.

11.     Avers that paragraph 11 sets forth conclusions of law to which no responsive pleadings is required.

12.     Admits that a DRT issued a June 6, 2018 decision and refers the Court to the decision for the contents thereof.

13.     For its response to the first sentence of paragraph 13, NALC refers the Court to the decision for the contents thereof.  Admits the second sentence of paragraph 13.

14.     Admits the allegations in paragraph 14.

15.     For its response to the first sentence of paragraph 15, admits that the parties entered into the August 14, 2018 settlement agreement and refers to the Court to the agreement for the contents thereof.  Admits the second sentence of paragraph 15.

16.     For its response to the first three sentences of paragraph 16, admits that the DRT issued the November 27, 2018 decision and refers to the Court to the decision for the contents thereof.  Admits the fourth sentence of paragraph 16.

17. For its response to paragraph 17, admits that the DRT issued the February 8, 2019 decision and refers to the Court to the decision for the contents thereof.

18. Admits that the parties appeared before Arbitrator Roberts on June 14, 2019 and otherwise denies the allegations in the first sentence of paragraph 18. Responds to the allegations in the second sentence of paragraph 18 by averring that the issue before Arbitrator Roberts was the issue set forth under the heading "THE ISSUE" on page 17 of the award. Admits the allegations in the third sentence of paragraph 18.

19. Admits the allegations in the first sentence of paragraph 19 and denies the characterization of the award and of the arbitrator's views alleged in the second sentence.

20. For its response to paragraph 20, NALC refers the Court to the award, but denies that the award makes any mention of the dollar figure alleged in paragraph 20.

21. Denies the allegations in paragraph 21.

22. Denies the allegations in paragraph 22.

23. Avers that paragraph 23 sets forth a conclusion of law to which no responsive pleading is required.

24. Avers that paragraph 24 sets forth a conclusion of law to which no responsive pleading is required.

25. Avers that paragraph 25 sets forth a conclusion of law to which no responsive pleading is required.

26. Denies the allegations in paragraph 26.

27. Denies the allegations in paragraph 27.

28. Denies the allegations in paragraph 28.

29.     Denies the allegations in paragraph 29, except admits that the Agreement's terms were and remain binding upon USPS and NALC.

30.     Avers that paragraph 30 sets forth conclusions of law to which no responsive pleading is required.

31.     Avers that paragraph 31 sets forth conclusions of law to which no responsive pleading is required.

32.     Avers that paragraph 32 sets forth conclusions of law to which no responsive pleading is required.

33.     Avers that paragraph 33 sets forth a legal argument to which no responsive pleading is required.

34.     Denies the allegations in paragraph 34.

35.     For its response to paragraph 35, NALC incorporates its responses to paragraphs 1-34.

36.     Admits the allegations in paragraph 36.

37.     Denies the allegations in paragraph 37.

38.     Denies the allegations in paragraph 38.

39.     Denies the allegations in paragraph 39.

40.     For its response to paragraph 40, NALC incorporates its responses to paragraphs 1-39.

41.     Denies the allegations in paragraph 41.

42.     Denies the allegations in paragraph 42.

## Counterclaim

1.     NALC seeks an order confirming the August 30, 2019 arbitration award issued by Arbitrator Lawrence Roberts in NALC Case No. 18-FCMK3-18 ("Award").

2.      The Court has jurisdiction pursuant to the Postal Reorganization Act, 39 U.S.C. §1208.

3.      Venue is proper in this Court under 39 U.S.C. §1208(d), as NALC maintains its principal offices in this District.

4.      At all relevant times, USPS and NALC have been parties to a collective bargaining agreement ("CBA") that contains a grievance-arbitration provision that provides, in certain defined circumstances, for the final and binding arbitration of grievances arising under the CBA.

5.      The Award is a final and binding award issued pursuant to the CBA.

6.       USPS has failed to comply with the Award.

WHEREFORE, NALC respectfully submits that it is entitled to entry of judgment dismissing the complaint with prejudice, confirming the Award, and providing such other relief as the Court considers appropriate.

Dated: February 3, 2020

Respectfully submitted,

/s/ *Peter D. DeChiara*

Peter D. DeChiara (admitted *pro hac vice*)
Judd E. Cohen (admitted *pro hac vice*)
COHEN, WEISS AND SIMON LLP
900 Third Avenue
New York, New York 10022-4869
Tel: (212) 563-4100

/s/ *Victoria L. Bor*

Victoria L. Bor (D.C. Bar. No. 288852)
SHERMAN, DUNN, P.C.
900 Seventh Street, N.W.
Suite 1000
Washington, D.C.  20001
Tel:  (202) 785-9300

*Attorneys for Defendant National Association of Letter Carriers, AFL-CIO*