UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

---

UNITED STATES POSTAL SERVICE,

    *Plaintiff*,

  - v. -

NATIONAL ASSOCIATION OF LETTER
CARRIERS, AFL-CIO,

    *Defendant.*

Case No. 19-3685-TSC

---

## DECLARATION OF BRIAN RENFROE

I, Brian Renfroe, under penalty of perjury and in lieu of affidavit as permitted by 28 U.S.C. §1746, declare as follows:

1. At all times relevant to this action, I have been Executive Vice President of the National Association of Letter Carriers, AFL-CIO ("NALC"). I am familiar with the facts of this case. I make this declaration in support of NALC's motion to confirm the August 30, 2019 arbitration award of Arbitrator Lawrence Roberts ("Roberts Award") and in opposition to the motion of the United States Postal Service ("USPS") to vacate it.

2. NALC is a national labor union that serves as collective bargaining representative of city letter carriers employed by USPS. NALC Branch 1999 is a local labor union affiliated with NALC that represents city letter carriers employed at USPS's Kingsport, Tennessee facility.

3. At all relevant times, USPS and NALC have been parties to a collective bargaining agreement ("CBA"), which governs the terms of employment of city letter carriers. Every few years, after the term of the CBA expires, the parties enter into a new CBA. Excerpts

1153724.7

of the current CBA are attached hereto as Exhibit A.  The current CBA has been in effect since 2016 and remains in effect.  The full CBA is available at https://www.nalc.org/workplace-issues/resources/agreemnt/National-Agreement-2016-2019.pdf.

   4. Article 15 of the CBA contains a procedure for the resolution of grievances, including claims that USPS failed to comply with the CBA.   The grievance procedure begins at Step A.  The parties have the authority to settle a grievance at Step A.

   5. If the parties fail to settle the grievance at Step A, the union can appeal to Step B.  At Step B, a two-person team, composed of a NALC representative and a USPS representative, has the authority to resolve the grievance if both team members concur.  If this team -- referred to as the Step B team or the Dispute Resolution Team ("DRT") -- cannot agree on a resolution, it may declare an impasse.

   6. Under the CBA, NALC may appeal Step B impasses to arbitration.  USPS has agreed in the CBA that "[a]ll decisions of an arbitrator will be final and binding."

   7. USPS and NALC arbitrate hundreds of disputes each year.  For example, from December 2018 to December 2019, arbitrators issued 626 awards under the CBA.

   8. NALC is just one of the unions with which USPS has a collective bargaining agreement.

   9. USPS and NALC jointly select the individuals who will serve as arbitrators to hear disputes under the CBA.  In selecting arbitrators, the parties choose individuals who they believe have the appropriate experience, skill and temperament to decide cases fairly.  Given the volume of arbitrations, the arbitrators selected hear many cases under the CBA.  Every few years, upon the expiration of the CBA, either party has the right to strike from the arbitration panel any arbitrator with whom that party is dissatisfied.

10. According to NALC's records, Arbitrator Roberts has served as an arbitrator for USPS and NALC since 1992 and has rendered 570 arbitration awards.

11. Most grievances are heard by arbitrators on the "regular panel," who decide cases on a local level, but NALC may submit grievances over the interpretation of the CBA to an arbitrator on the "national" level.  National-level arbitration awards are deemed to be authoritative interpretations of the CBA.

12. Attached hereto as Exhibit B is a 1979 national-level award by Arbitrator Howard Gamser.

13. Attached hereto as Exhibit C is a 1986 national-level award by Arbitrator Richard Mittenthal.

14. Attached hereto as Exhibit D is a May 31, 2002 memorandum issued by then Postmaster General Patrick Donahoe.

15. Attached hereto as Exhibit E is an October 12, 2017 Step B decision.

16. Attached hereto as Exhibit F is a February 13, 2018 Step B decision.

17. Attached hereto as Exhibit G is an August 1, 2018 audit report by USPS's Inspector General entitled *Timecard Adjustments at U.S. Postal Service Facilities in the Greater Boston District*.

18. Attached hereto as Exhibit H is a copy of Section 111.3 of USPS's Handbook F-21, entitled *Time and Attendance*.  The full handbook is available at https://www.nalc.org/workplace-issues/resources/body/F-21-February-2016-Time-and-Attendance.pdf.

19. Attached hereto as Exhibit I is a copy of Section 665.44 of USPS's *Employee and Labor Relations Manual*. The full manual is available at https://about.usps.com/manuals/elm/html/welcome.htm.

20. Attached hereto as Exhibit J is a June 6, 2018 Step B decision.

21. Attached hereto as Exhibit K is an August 14, 2018 grievance settlement.

22. Attached hereto as Exhibit L is a November 27, 2018 Step B decision.

23. Attached hereto as Exhibit M are two pages from the grievance file from the grievance in NALC Case No. 18-FCMK3-18.

24. Attached hereto as Exhibit N is the December 20, 2018 grievance in NALC Case No. 18-FCMK3-18.

25. Attached hereto as Exhibit O is the February 8, 2019 Step B decision in NALC Case No. 18-FCMK3-18.

26. Attached hereto as Exhibit P is the August 30, 2019 arbitration award by Arbitrator Lawrence Roberts in NALC Case No. 18-FCMK3-18.

27. Attached hereto as Exhibit Q is a 1994 national-level award by Arbitrator Richard Mittenthal.

28. Attached hereto as Exhibit R is a 2019 regular panel award by Arbitrator Nancy Hutt.

29. Regular-panel arbitrators have long had a practice under the CBA of imposing monetary penalties on USPS for its non-compliance with prior grievance resolutions. Attached hereto as Exhibits S through RR are a sampling, from 2004 through 2019, of such penalty awards. Just since 2018 alone, arbitrators have issued fourteen such awards. *See* Exhibit EE through RR. As far as I am aware, USPS challenged none of these awards.

30. Step B teams often impose monetary penalties on USPS for its non-compliance with prior grievance resolutions. Exhibit SS attached hereto contains several recent examples of such Step B decisions.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Executed at Washington, DC this 4th day of February 2020.

_____
Brian Renfroe